RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE   7 , 20 , 07
BY    JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GEORGE A. BYNUM | DOCKET NO. 07-cv-0764 |
| VERSUS | JUDGE DRELL |
| RICHARD STALDER, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed on April 30, 2007 *in forma pauperis* by pro se plaintiff George A. Bynum pursuant to the provisions of 42 U.S.C. §1983 and <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1]. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, and he is currently incarcerated at the United States Penitentiary in Jonesville, Virginia. Plaintiff raises allegations of cruel and unusual punishment at the United States Penitentiary in Pollock, Louisiana (USP-P). Plaintiff has named as defendants Warden Menifee, Captain Jefferson, Lt. Garrow, Lt. Gremillion, and Mr. Montgomery. He seeks compensatory damages for pain and suffering as well as punitive damages. This matter has been referred to the

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. <u>See</u> <u>Zuspann v. Brown</u>, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

On March 24, 2005, while Plaintiff was incarcerated at USP-P, he met with Lt. Headspeth and Lt. Bynum, requesting that he be placed in administrative detention to protect Plaintiff from a group of inmates that wanted to harm him. [Doc. #1-1 p.5] An administrative detention order was prepared stating that Plaintiff was to be placed in protective custody "separate from all Muslims." [Doc. #1-3, p.35] Plaintiff was held in administrative segregation from March 24, 2005 through May 2, 2005.

Plaintiff alleges that, on May 2, 2005, Cpt. Jefferson, Lt. Garrow, Mr. Gremillion, and Warden Menifee signed a release order placing Plaintiff back into the general prison population. Plaintiff was initially assigned to a cell with a Muslim inmate. Plaintiff notified the Unit Counselor that he did not want to share a cell with the Muslim, so Plaintiff was assigned to another cell. Plaintiff refused to enter the second cell, as well, claiming that he should not be in the general prison population at all. [Doc. #1-1, p. 6] Plaintiff told Officer Brown that the general population posed a serious threat to Plaintiff's safety, and that he would like to go back to the Special Housing Unit.

Plaintiff was escorted to the Lieutenant's office, where

2

Plaintiff told Lt. Laborde that he refused to go to either of the cells because all Muslims at USP-P posed a serious threat to his life. Plaintiff was placed in administrative segregation for "refusing programs," and he remained in segregation until May 12, 2005.

On May 12, 2005, another release order was signed, again placing Plaintiff back into the general prison population. According to Plaintiff, he was assigned to a cell with a Muslim inmate. That same afternoon, a Muslim inmate attacked Plaintiff with a sharpened metal weapon. Plaintiff was taken to the hospital where he received stitches and staples to close his wounds.

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears

that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally; but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994). The plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias, 23 F.3d at 97.

2. Limitations

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in*

*forma pauperis* that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in Bivens claims. Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. However, federal law is used to determine when a cause of action accrues. Id. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Piotrowski, 51 F.3d at 516, quoting Vigman v. Community National Bank and Trust Co., 635 F.2d 455, 459 (5th Cir. 1981).

Plaintiff had knowledge of the facts underlying his claim on the date of the assault, May 12, 2005. Therefore, Plaintiff's failure to protect claim accrued on May 12, 2005, when he was attacked by his fellow inmate. Plaintiff had one year from the date of the attack, until May 12, 2006, to file suit. Plaintiff's suit was signed on April 26, 2007, and that date is the earliest date upon which suit can be said to have been filed. That being so, Plaintiff's filing is clearly untimely.

### 3. Equitable Tolling

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (U.S. 1971). <u>Rotella v. Pederson</u>, 144 F.3d 892, 897 (5th Cir.1998).

Although his <u>Bivens</u> claim was literally due on or before May 12, 2006, Plaintiff is entitled to equitable tolling for the time spent exhausting the BOP administrative remedies. See <u>Clifford v. Gibbs</u>, 298 F.3d 328, 333 (5th Cir.2002) (holding that because the PLRA requires a prisoner to exhaust his administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period while he exhausts the remedies); <u>Harris v. Hegmann</u>, 198 F.3d 153, 158 (5th Cir.1999) (holding that the statute of limitations applicable to a civil rights complaint should be tolled while the prisoner exhausts his administrative remedies).

Plaintiff timely pursued his administrative remedies and provided the court with a copy of his Central Office Administrative Remedy Appeal, wherein he argued that the defendants failed to protect him and placed him "in threat of death." [Doc. #1-3, p.22] Plaintiff also provided the court with the response from the national administrator, ultimately denying Plaintiff's claim.

[Doc. #1-3, p.23] The final denial is dated November 23, 2005.[2]

Even with the benefit of equitable tolling during the pendency of his administrative proceedings, Plaintiff's complaint is prescribed. Plaintiff did not file the instant suit until April 30, 2007, almost two years from the date of his attack, and seventeen months after the final denial of his administrative remedies. Therefore, Plaintiff's claim is barred by the one year statute of limitations.

### 4. Conclusion

The limitations period expired before the filing of this suit. Consequently, Plaintiff's complaint lacks an arguable basis in law and is frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).

Therefore,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as time barred and frivolous.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

---

[2] Plaintiff also provided the court with copies of an Administrative Tort Claim that he filed for the loss of personal property valued by the plaintiff at $96.45. However, Plaintiff did not file the instant suit under the Federal Tort Claims Act, nor does he raise that issue in his complaint.

7

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 18th day of July, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE